### 61154. IN RE HILYER.

SHULMAN, Presiding Judge.

Appellant brings this appeal from the order of the trial court denying his petition to adopt his stepson. We affirm.

Appellant sought adoption of the child without the consent of the natural father, pursuant to the provisions of Ga. L. 1977, pp. 201, 211 (Code Ann. § 74-405), contending that appellee had failed to communicate with or provide adequately for the care and support of the child as required by law.

It appears to be uncontested that at the time appellant filed his petition for adoption, appellee had not seen the child in nine years; and that as of June 27, 1980, appellee had paid $2,210 in child support payments but was in arrears in the amount of $450.

In its findings of fact and conclusions of law, the trial court found that the natural father of the child had not "abandoned" the child within the legal meaning of the term, because: (1) the natural father had substantially complied with his child support obligations prior to the bringing of the petition; and (2) the natural father's failure to visit his child could be attributed to the undisputed fact that, upon his last attempt to see his son, he had been severely beaten and seriously injured by the child's maternal grandfather. Accordingly, appellant's petition was denied.

1. Appellant contends that the trial court erred in holding that appellee's consent was necessary to the adoption. Specifically, appellant argues that appellee's failure to communicate with the child in nine years prior to the filing of the petition and his arrearage in child support payments clearly satisfied the requirements of Code Ann. § 74-405 (b) for adoption of the child without the father's consent. Appellant's argument thus addresses itself to the sufficiency of the evidence adduced at trial as support for the findings of fact and conclusions of law entered by the trial court in this case. We are unable to evaluate the substantive merits of this argument, however, because the record transmitted to this court in the instant case does not contain a transcript of the trial proceedings. "It is well settled that, absent a transcript, we are bound to assume that the trial judge's findings are supported by competent evidence." *Littlejohn v. J. A. Cavaness Steel Erectors, Inc.,* 149 Ga. App. 676 (257 SE2d 47). Since the trial court's findings support its conclusions, appellant has failed to demonstrate error in the ruling of the trial court denying his petition for adoption.

2. For the reasons stated in Division 1, we find no error in the trial court's overruling of appellant's motion for a new trial.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 23, 1981 —
REHEARING DENIED MARCH 16, 1981.

*Johnny B. Mostiler,* for appellant.
*William Rickey Norrell,* pro se.